[No. 19734. Department Two. April 12, 1926.]

WILL EVERETT, *Respondent*, v. BROTHERHOOD COOPERATIVE NATIONAL BANK OF SPOKANE, *Appellant*.[1]

[1] BROKERS (2, 33)—EMPLOYMENT—EVIDENCE OF AGENCY — SUFFICIENCY. A broker cannot recover for services in making a survey or investigation of property, involving only such information as would have been given by any real estate broker to a prospective purchaser, except upon clear and convincing proof that an employment was understood by both parties.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered June 12, 1925, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*Danson, Lowe & Danson,* for appellant.

*Garrecht & Twohy,* for respondent.

TOLMAN, C. J.—Respondent, as plaintiff, brought this action to recover for services rendered, as alleged, at the request of the defendant in the matter of making a survey or investigation of business property in the city of Spokane, such as might be suitable and available for purchase by the defendant as a home for its banking business. A trial was had to the court, sitting without a jury, resulting in findings and conclusions favor-

¹Reported in 244 Pac. 967.

able to plaintiff and a judgment thereon for six hundred dollars. The defendant appeals.

As we view the case, there is nothing involved save questions of fact.

[1] The complaint is skilfully drawn to avoid the statute of frauds, and respondent gave testimony tending to support the allegations of his complaint; but, after considering the entire record and weighing the evidence, *pro* and *con,* we are thoroughly convinced that it preponderates against the findings of the trial court.

Whatever may have been respondent's belief as to an employment, we are convinced that there was none, and that those acting for appellant had every reason to believe that respondent saw in them or their principal only a possible purchaser, and that the information obtained and given was such as would have been obtained and given by any real estate broker, handling that class of property, to a prospective purchaser.

To permit a recovery here would be to open up a new field for litigation and permit any broker, willing to draw the conclusion that he had been employed to obtain information, to sue every prospect who had been shown property, or been given a description of it, for the value of his services, notwithstanding no sale was ever made. Of course such an employment may be a legitimate one, but the dangers inherent are so manifest that anything less than clear and convincing proof of an employment, so understood by both parties, cannot be held sufficient to establish it.

The judgment is reversed, with directions to dismiss the action with prejudice.

Mackintosh, Mitchell, Main, and Parker, JJ., concur.